## OLSON
v.
## STANDARD ACC. INS. CO.
No. 14936.

United States Court of Appeals
Eighth Circuit.
April 12, 1954.

Frank P. Ryan, Minneapolis, Minn. (Frank A. Barnard, Benson, Minn., and Harry H. Peterson, Minneapolis, Minn., were with him on the brief), for appellant.

Jerome T. Anderson, Minneapolis, Minn. (Carroll & Thorson, Minneapolis, Minn., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This is an appeal from a judgment dismissing appellant's action by which he sought to recover from appellee under the provisions of an automobile garage liability policy issued by appellee to appellant doing business as Olson Implement Company. The parties will be referred to in this opinion as they were named in the trial court.

Plaintiff, DeForrest A. Olson, at all times material to the issues here involved was conducting a business of automobile dealer and repair shop in Benson, Minnesota, and he also owned and conducted a terrazzo tile business wholly disconnected with his automobile business. In his complaint he alleged that the defendant on or about October 25, 1940, issued to him, doing business as the Olson Implement Company, its automobile garage liability policy, by the terms of which it afforded coverage to the plaintiff as an automobile dealer or repair shop; that while the policy was in full force and effect and on or about August 6, 1950, while plaintiff was driving a certain 1947 Model Ford truck on U. S. Highway No. 81, in the State of South Dakota, an accident resulted wherein the truck driven by plaintiff and a truck owned by Ellery Ahlgrim

collided; that plaintiff gave due notice to defendant of the accident as required by the terms of the policy; that thereafter said Ellery Ahlgrim brought suit against plaintiff to recover damages resulting from said collision; that defendant herein declined to defend said action on the ground that the accident was not within the coverage of the policy; that said suit was brought against plaintiff by Ellery Ahlgrim in the United States District Court for the District of South Dakota and that the trial of said action resulted in judgment for $4758.23 against said DeForrest A. Olson. Plaintiff then alleged that the said accident was within the coverage of the policy issued by defendant and sought to recover the amount of the judgment rendered against him, together with costs and attorney fees.

The defendant admitted the issuance of the policy and admitted the occurrence of the accident but denied that the accident was within the coverage of the policy. The jurisdictional allegations were admitted, and except as admitted by the answer all other allegations of the complaint were denied.

The action was tried to the court without a jury and the court after hearing all the evidence entered findings as follows:

"I. That the plaintiff is a resident of Benson, County of Swift, State of Minnesota, and is the sole proprietor of the Olson Implement Company of Benson, Minnesota, that the plaintiff on August 6, 1950, was also the sole proprietor of a Terrazzo Tile Business in Benson, Minnesota.

"II. That the defendant is a foreign corporation, doing business in the State of Minnesota as an insurance company. That on the 25th day of October, 1949, defendant issued to the plaintiff, doing business as Olson Implement Company, for a valuable consideration, an automobile garage liability policy No. JS 69343, together with endorsements Nos. 86 H, 296 E and 450898, and 493306 and 493389, which were attached to the said policy and formed a part thereof.

"III. That among other terms of said insurance contract between the plaintiff and defendant, said defendant contracted to insure the plaintiff in all operations, either on the premises or elsewhere, which are necessary and incidental to the purpose of operating an automobile, machinery or implement dealership which dealership included the buying and selling of second hand automobiles. That said policy of insurance applied to and covered only those operations of the plaintiff which he operated as an automobile dealer or repair shop, and said policy of insurance did not cover the plaintiff's operations with respect to his Terrazzo Tile business.

"IV. That on the 6th day of August, 1950, while the plaintiff, DeForrest A. Olson was driving a certain 1947 Ford truck on U. S. Highway No. 81 in the State of South Dakota, an accident resulted wherein the truck driven by the plaintiff and a truck owned by Ellery Ahlgrim collided.

"V. That at the time and place of said accident of August 6, 1950, plaintiff DeForrest A. Olson was driving and operating said 1947 Ford truck for purposes solely within his Terrazzo Tile business and was not operating said truck for any purposes in connection with his automobile dealership, automobile repairshop or implement company, nor for any purposes necessary or incidental thereto.

"VI. That on the 14th day of December, 1951, a judgment was obtained by Ellery Ahlgrim in the amount of $4758.23 against the plaintiff D. A. Olson, by reason of said automobile accident in South Dakota occurring on the 6th day of August, 1950, which judgment was based upon a verdict of the jury returned and delivered in open court

on the 11th day of December, 1951. That in addition thereto costs of $105.23 were added to said verdict, making the entire amount of the judgment against said D. A. Olson the sum of $4758.23 and in addition thereto the plaintiff incurred expenses by reason of attorneys fees in the amount of $626.00 defending said lawsuit in South Dakota.

"VII. That the 1947 Ford truck being operated by the plaintiff on August 6, 1950, at the time of the accident was owned by the Johnson-Giere Motor Company, and not by the plaintiff.

"VIII. That prior to obtaining possession of said truck from the Johnson-Giere Motor Company, the plaintiff in a conversation with Mr. Giere advised him that he wished to purchase said truck for use in his Terrazzo Tile business, and that he wanted to test it first under load conditions, before completing the purchase, by driving it to Minneapolis, and that the plaintiff on Sunday, August 6, 1950, was in fact returning from delivering a load of marble to be used in a terrazzo tile contract job of the plaintiff's at Yankton, South Dakota, in connection with his Terrazzo Tile business, when the accident occurred, giving rise to the judgment rendered by the Federal Court in South Dakota."

Based on these findings of fact and appropriate conclusions of law, the court entered judgment dismissing plaintiff's action on its merits.

■ In seeking reversal plaintiff contends that the court was in error in finding that the accident resulting in a judgment against plaintiff in the instant case was not within the coverage of the policy. The issue here is a very narrow one. The findings are presumptively correct and should not be set aside by this court unless clearly erroneous. Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. There was a conflict in the evidence. Plaintiff testified that he was buying the truck for resale in connection with his automobile business and at the time of the accident he was making a road test to determine the condition of the truck. There was evidence by a Mr. Giere, who was negotiating with plaintiff for sale of the truck, that plaintiff said he wished to acquire the truck for use in connection with his terrazzo tile business and at the time the accident forming the basis of the claim of liability occurred, he was actually using the truck in connection with his terrazzo tile business. Plaintiff did not deny having said to Mr. Giere that he was acquiring the truck for use in connection with his terrazzo tile business and the court credited Mr. Giere's testimony. Plaintiff also testified that he had a prospective purchaser for the truck but it is to be noted that this alleged prospective purchaser was not called as a witness to corroborate plaintiff's testimony in this regard. Neither did plaintiff call any of his employees from either business to corroborate his own testimony. In these circumstances the court was certainly not bound to credit plaintiff's testimony.

■ To have been within the coverage of the policy, plaintiff must have been using the truck at the time of the accident as a necessary or incidental part of the operation of his garage and implement business, and this he was not doing. It was the contention of plaintiff that he was conducting a road test to learn the condition of the truck; that he contemplated purchasing the truck for resale but was giving it a test. Incidentally, the so-called test involved the transportation of 6,000 pounds of marble a distance of 190 miles, to be used in a terrazzo tile contract job of plaintiff's at Yankton, South Dakota in connection with his terrazzo tile business. The court was not bound to believe plaintiff's testimony to the effect that he was transporting this marble in this truck in connection with his automobile business, but may well have concluded, as it manifestly did, that it was being used to determine the truck's fitness for use in his terrazzo tile business. There is an abun-

dance of substantial evidence to sustain the court's findings.

We find the contentions of appellant wholly without merit. The judgment appealed from is therefore affirmed.